State vs. Minau.

## No. 9410.

### THE STATE OF LOUISIANA VS. JOSEPH MINAU.

Where, in a criminal case, the jury after retiring to deliberate on their verdict, return into court and request the judge for certain information, not pertaining to the evidence

adduced on the trial, and the counsel for the accused present, consents that the inform-ation may be given, and it is given, accompanied by a statement of the judge that it has nothing to do with the case, which must be determined by the evidence heard on the trial; such irregularity, under these circumstances, is not sufficient to vitiate the verdict.

An indictment under Act 8 of 1870, denouncing the offense of shooting at a house occupied by persons lawfully therein, is not amenable to the charge of duplicity, because, of the averment that the shooting was with intent to murder a person named in the house.

APPEAL from the Twenty-fifth District Court, Parish of Vermilion. *DeBaillon, J.*

*R. C. Smedes*, District Attorney, and *M. J. Cunningham*, Attorney General, for the State, Appellee.

*J. A. Chargois* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The defendant was tried and convicted under an inform-ation charging:

"That one Joseph Minau, unlawfully, feloniously and of his malice aforethought, did shoot and strike with a dangerous weapon to-wit: a shot-gun, then and there loaded with divers leaden balls, in and upon the dwelling-house of one Adam Broussard, with intent in so doing to kill and murder one Lucie Catallan, the wife of said Brous-sard, he, the said Adam Broussard, his wife and his children, being then and there peaceably and lawfully in said dwelling-house.

He was sentenced to seven years imprisonment at hard labor and appeals.

1. The defendant moved for a new trial substantially on the ground that, after the case was closed and the jury had retired to deliberate on their verdict, they returned into court for further instructions, which were given:

That these instructions consisted of additional evidence, which was imparted to them by the judge, and which had not been adduced on the trial.

We gather from the bill of exceptions, that the jury returned into court and asked the judge to inform them whether the accused had been in custody or out on bail since the charge was preferred against him. The judge asked the counsel for the accused whether he had any objection to his giving the jury information, touching the matter inquired about, and upon being told by the counsel that there was no objection, gave the desired information, but, at the same time, stated to the jury that this was no concern of theirs, and that the only evi-

dence they could consider was that adduced on the trial. The judge states in the bill that if objection had been made by the counsel, he would not have given the information to the jury.

We think, under this state of facts, the overruling of the motion gave no cause of complaint.

2. There was a motion in arrest, on the ground of duplicity in the information.

The duplicity was alleged to consist in charging an offense provided by Act No. 8 of 1870 and an offense declared by Sec. 792, R. S., in one and the same count.

The latter section referred to, reads: "Whoever shall assault another by wilfully shooting at him or with intent to commit murder," etc.

It is very evident from an inspection of the information, which we have literally quoted above—that it contains no charge against the accused of an assault "by wilfully shooting at," or of an assault "with intent to commit murder." The real charge, it is obvious, is that declared by the act of 1870 against shooting at a house occupied by persons lawfully therein; and that the words with reference to the intent to murder the person named in the information, whilst they are irregular, may be properly treated as surplusage as was held by the trial judge. Include them and they do not make out another offense, eliminate them, and they have the information perfect with respect to the offense above named, provided by the Act of 1870, which alone purports to have been tried.

Judgment affirmed.